UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SYNTHIA I. BROOKS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civ. Action No. |
| | : | 3:09-cv-1547 (SRU) |
| SALLIE MAE, INC., | : | |
|     Defendant. | : | |

## ORDER OF REMAND

Synthia Brooks, brought a civil action against Sallie Mae, Inc. ("Sallie Mae") in Connecticut Superior Court, alleging violations of the Connecticut Unfair Trade Practices Act. Sallie Mae removed the action claiming federal question jurisdiction under 28 U.S.C. § 1331. On October 13, 2009, Sallie Mae filed a motion to dismiss (doc. # 8) arguing, inter alia, that the Higher Education Act ("HEA") does not create a private right of action, and therefore that Brooks cannot litigate the denial of her application for a hardship deferment of her student loan repayment obligation. Brooks timely filed a motion to remand (doc. # 13) on the grounds that Brooks did not raise a federal claim in her suit against Sallie Mae. I have reviewed the pleadings, the motion to dismiss, the motion to remand and the other documents filed by the parties to determine whether there is subject matter jurisdiction over this case.

The party asserting federal jurisdiction bears the burden of showing that the case is properly before the federal court. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). In order for a defendant to remove a case to federal court, it must allege that the federal court has original jurisdiction over the matter. *See* 28 U.S.C. § 1441(b); *see also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Here, Sallie Mae has asserted the existence of federal question jurisdiction under 28 U.S.C. § 1331. "The presence or absence of

federal question jurisdiction is governed by the well-pleaded complaint rule." *Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2d Cir. 1998). Federal question jurisdiction exists only when the plaintiff's own cause of action is based on federal law and only when the plaintiff's complaint raises claims arising under federal law. In evaluating whether the claim arises under federal law, the court examines the "well pleaded" allegations of the complaint and ignores possible defenses. *See Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003). It is well established that the defendant may only remove a case if the claim could have been brought by the plaintiff in federal court. *Merrill Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 804 (1985). The plaintiff is free to plead exclusively state causes of action even where a federal cause of action is available, thus avoiding federal jurisdiction. Courts, however, recognize that artful pleading can close off a defendant's right to a federal forum, and occasionally on removal the court will determine whether the real nature of the claim is truly federal. *See Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n.2. (1981).

      Here, Brooks does not raise a federal cause of action, she alleges only violations of the Connecticut Unfair Trade Practices Act ("CUTPA"). The Supreme Court makes clear that, for a state law claim to give rise to federal question jurisdiction, it "demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable & Sons Metal Prods. v. Darue Engineering & Mfg.*, 545 U.S. 308, 313 (2005). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrill Dow*, 478 U.S. at 813.

Brooks applied to Sallie Mae for an extension of the forbearance period of her student loans pursuant to the Economic Hardship Deferment program set forth in 34 C.F.R. § 682.210(s)(6). Sallie Mae denied Brooks' application. In her complaint, Brooks claims that Sallie Mae misrepresented and misapplied the requirements necessary for her to obtain the Economic Hardship Deferment. Sallie Mae, on removal, argues that Brooks' complaint is truly a federal claim because it arises out of a dispute concerning the repayment of her student loans as administered by the Federal Family Education Loan Program ("FFELP"), governed by the HEA. Therefore, Sallie Mae claims, in order to decide this dispute the court must resolve substantial questions of federal law.

Because Brooks' complaint raises a single Connecticut state law claim, federal law only enters this matter as a defense. It is well established that the mere presence of a federal law defense does not give rise to federal jurisdiction. *See Beneficial Nat. Bank v. Anderson*, 539 U.S. at 6. Sallie Mae contends that the claim arises under the HEA, and thus confers federal jurisdiction. This argument fails. The HEA does not create a private right of action. *See Waugh v. Connecticut Student Loan Foundation*, 966 F. Supp. 141, 144 (D. Conn. 1997). When there is no private, federal cause of action, the claim does not arise under the federal law. *See Merrell Dow*, 478 U.S. at 817. Furthermore, neither the Economic Hardship Deferment program nor the FFELP confer exclusive jurisdiction on the federal courts to resolve disputes concerning administration of student loans. *See* 34 C.F.R. § 682.210(s)(6) and 20 U.S.C. § 1071, et seq. Indeed, under the FFELP, the Secretary of Education can "sue and be sued in any court of record of a State having general jurisdiction. . . ." *See* 20 U.S.C. § 1082(a)(2). Even if, as Sallie Mae suggests, the resolution of Brooks' claim depends upon interpretation of federal law, state courts

3

are fully capable of applying federal law.  It does not matter that the state court may be called upon to interpret federal law – here, the terms governing Brooks' federal loans – when analyzing Brooks' state law claim.  *See generally Moore v. Chesapeake & Ohio Ry. Co.*, 291 U.S. 205, 214-15 (1934).

The burden is on the defendant to establish federal-question jurisdiction and Sallie Mae fails to carry that burden.  In the absence of a claim arising under federal law this court lacks subject matter jurisdiction and cannot reach the merits of the motion to dismiss.  Defendants' motion to dismiss (**doc. # 8**) is **DENIED** without prejudice and Brooks' motion for remand **(doc. # 13)** is **GRANTED**.  The case is remanded to the Connecticut Superior Court for the Judicial District of Stamford/Norwalk.  The clerk shall effect the remand and close this file.

It is so ordered.

Dated at Bridgeport this 18th day of November 2009.

    /s/ Stefan R. Underhill
        Stefan R. Underhill
        United States District Judge